UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCKY KIM INTERNATIONAL, INC. et al.<br><br>Plaintiffs,<br><br>vs.<br><br>SEO IN CORPORATION, et al.<br><br>Defendants.<br><br>AND RELATED COUNTER CLAIMS. | **CASE NO. 2:09-cv-07542-JHN-FFMx**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Trial Date: April 19-22, 2011 |

This action was originally filed by Plaintiffs and Counter-Defendants Lucky Kim International, Inc. ("Lucky") and its owners, Hyo Sook Kim ("Mrs. Kim") and Kyo Bong Kim ("Mr. Kim"), naming as Defendants Seo In Corporation ("SIC") and others. SIC counter-sued, alleging that Mrs. Kim engaged in defamation by making false oral statements against SIC and causing false written statements about SIC to be disseminated to other textile companies. All claims in this matter were resolved prior to trial either by way of dismissal or summary judgment, except for the defamation claim alleged in SIC's counter-

1

claim against Counter-Defendants. The defamation claim was also dismissed as against Mr. Kim by the parties' stipulation at trial.

The matter was tried before the Court on April 19–22, 2011. On April 27, 2011, the Court issued an Order of Judgment in Favor of Counter-Defendants. (Docket no. 161.) Having reviewed the testimony and exhibits presented at trial, the Court now makes the following findings of fact and conclusions of law.

## *FINDINGS OF FACT*

1. SIC alleged defamation against Mrs. Kim and Lucky in the forms of slander and libel. The allegations are based on statements made by Mrs. Kim, in her role as Lucky's president, to members of the Korean-American Textile Association ("KATA") and the three Korean textile vendors—including SIC—involved in this action. The statements on which the defamation claims rest include (1) oral statements Mrs. Kim made at three KATA meeting; (2) a fax Mrs. Kim sent to KATA; and (3) a letter sent by KATA on October 13, 2009, to the three textile vendors.

2. All statements alleged as defamatory centered around complaints that Mrs. Kim had concerning the conduct by a former employee of Lucky named Jung Hee Ahn. Ahn was employed by Lucky as a sales representative between early January and early June, 2009. During that time, Ahn took orders from buyers and placed orders with Korean textile vendors on behalf of her own company, I & J, Ltd. ("I & J").

3. Mrs. Kim did not refer to SIC at the July or August KATA meeting. At the October meeting, the letter from KATA to the three textile vendors was discussed, but there was no evidence of oral statements by Mrs. Kim that went beyond the content of the letter sent by KATA.

4. The fax sent by Mrs. Kim to KATA members primarily involves Ahn's conduct. Only one paragraph refers to SIC. That paragraph states that SIC and the other Korean vendors knew that Ahn did sales work in the name of I & J while

2

1  she worked for Lucky but "nonetheless, provided all cooperation needed for sales
2  through" I & J.
3      5.  The letter sent to the three vendors by KATA centers on Ahn's conduct.
4  The letter asserted that KATA members would discontinue business with SIC if
5  SIC continued to deal with I & J and that SIC "supplied fabric to and received
6  payments from that separate company that the sales rep had established, knowing
7  clearly that she was an employee of Lucky Textile."
8      6.  Mrs. Kim directed the letter to be written and approved it before it was
9  sent.
10     7.  Though the letter from KATA does not refer to Ahn or I & J by name, the
11 evidence establishes that these were the sales representative and company at issue
12 in the letter.
13     8.  Ahn was employed by Lucky as a sales representative between early
14 January and early June, 2009, and earned $4,500 per month.
15     9.  Ahn established I & J shortly before beginning to work for Lucky and she
16 used Lucky resources, including samples, office space, a computer, an email
17 account, and software to do business on behalf of I & J.
18     10. Mrs. Kim made an investigation that turned up emails between Ahn and
19 SIC. These emails concerned inquiries about item numbers and orders that were
20 not reflected in any orders placed on Lucky's behalf. These emails were
21 connected with orders placed with SIC by I & J.
22     11. SIC's president, Young Suk Jang ("Jang"), visited Lucky's offices and saw
23 Ahn's work space. Mr. Jang used Ahn's computer to check his email. Mrs. Kim
24 and Mr. Jang discussed Ahn's abilities as a sales representative for Lucky during
25 a dinner attended by Jang, Mrs. Kim, and Lucky staff including Ahn.
26     12. Based on Jang's visit to Lucky's offices and the discussion between him
27 and Mrs. Kim at that dinner, SIC knew of Ahn's employment with Lucky.
28

## *CONCLUSIONS OF LAW*

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(a)(2).

2. To establish defamation per se regarding a matter of private concern, SIC must establish the following elements:

   a. The defendant made the statement to persons other than the plaintiff;
   b. Those persons reasonably understood that the statement was about the plaintiff;
   c. The statement tended to injure the plaintiff in respect to his or her office, profession, trade, or business; and
   d. The defendant failed to use reasonable care to determine the truth of falsity of the statement.

California Civil Code § 46; Judicial Council of California Civil Jury Instructions (2011), CACI No. 1704.

3. The evidence supports a finding that Mrs. Kim made the statements in the KATA letter for purposes of the prima facie case, though the letter was sent by KATA rather than by her or Lucky.

4. The statements made by Mrs. Kim are a matter of private concern in accord with the standard articulated in *Dun & Bradstreet, Inc., v. Greenmoss Builders, Inc.*, 472 U.S. 749, 762–63 (1985). Therefore, proof of falsity is not an element of the prima facie case.

5. Because the Court concludes that SIC has failed to establish all elements of the prima facie case of defamation, the Court need not consider whether SIC would also be required to establish causation and damages or would be entitled to a presumption of damages.

6. SIC failed to establish the third element of the prima facie case of defamation. The statements regarding SIC made by Mrs. Kim were not

defamatory toward SIC because they were not of a nature that would tend to injure SIC in respect to its business. Mrs. Kim made no oral statements regarding SIC other than what was stated in the letter from KATA. The statements in the fax and the letter are not defamatory because they merely assert that SIC did business with I & J despite knowledge that Ahn was employed by Lucky at the time.

7. SIC also failed to establish the fourth element of the prima facie case of defamation. By making an investigation and by basing her statements on personal knowledge of Jang's visit to Lucky Kim, Mrs. Kim used reasonable care in determining the truth of her statements regarding SIC's doing business with I & J and regarding SIC's knowledge that Ahn was employed by Lucky at the time.

8. Moreover, proof of a statement's truth is an affirmative defense to defamation. A defendant need not prove that the statement was true in every detail, so long as it was substantially true. Judicial Council of California Civil Jury Instructions (2011), CACI No. 1720.

9. Counter-Defendants have established an affirmative defense of truth. The evidence establishes the essential truth of Counter-Defendants' statements regarding Ahn's conduct. Similarly, the evidence shows that SIC knew of Ahn's employment with Lucky, as demonstrated, for example, by Jang's testimony that he visited Lucky's facility and observed that Ahn worked from that facility, and that he attended a dinner with Lucky staff including Ahn, at which Mrs. Kim asked Jang about Ahn's ability as a salesperson.

10. Counter-Defendants need not prove that Jang knew the exact terms of Ahn's employment with Lucky. It is enough to show that Jang knew Ahn was being paid as a sales representative for Lucky, worked out of Lucky's offices, and had access to Lucky's resources. The issue of whether Ahn was an in-house or outside sales representative is irrelevant because the employment relationship entailed an expectation that she would exert her efforts on behalf of Lucky during

her work hours.

## *CONCLUSION*

Based on its findings of fact and conclusions of law, the Court concludes that SIC failed to prove a prima facie case of defamation, and Counter-Defendants have established an affirmative defense to liability. Accordingly, Counter-Defendants are entitled to have judgment entered in their favor.

Dated: July 21, 2011

_____
HON. JACQUELINE H. NGUYEN
UNITED STATES DISTRICT JUDGE